UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 3:18-cr-125-2-JD-MGG |
| ) | |
| KENNETH SANDERS ) | |

## **OPINION AND ORDER**

This matter is before the Court on Defendant Kenneth Sanders' Petition Seeking Expedited Relief Pursuant to 18 U.S.C. 3582(c)(1)(A)(i) [DE 252]. For the reasons stated below, the Defendant's request is DENIED.

## I. BACKGROUND

On April 24, 2019, the Grand Jury charged the Defendant with (Count 1) conspiracy to distribute a controlled substance; (Count 2) knowingly and intentionally distributing over 50 grams of a mixture or substance which contained methamphetamine; and (Count 3) knowingly and intentionally distributing over 50 grams of a mixture or substance which contained methamphetamine. *See* Superseding Indictment, pp. 1–4, DE 82. On October 9, 2019, the Defendant pleaded guilty to Count 1. *See* Plea Agreement, p. 3, DE 170. On February 5, 2020, the Court sentenced the Defendant to 120 months of imprisonment as to Count 1. *See* Sentencing Hr'g, DE 210. The Court dismissed Counts 2 and 3 pursuant to the parties' plea agreement. *Id.*

On May 11, 2020, the Defendant filed a Petition Seeking Expedited Relief Pursuant to 18 U.S.C. 3582(c)(1)(A)(i) [DE 252]. The Defendant argues that the conditions within his prison are inadequate and that the COVID-19 virus is spreading among the prisoners. The Defendant also argues that it is nearly impossible to practice social distancing within the confines of the prison. On May 28, 2020, the Government filed a Response [DE 256]. In relevant part, the Government

argues that the Defendant does not have any health conditions that necessitate his release from prison. This matter is ripe for ruling.

## II.  DISCUSSION

The Defendant's request for compassionate release is denied. In relevant part, 18 U.S.C. § 3582(c) empowers the district court to modify a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). In the context of the COVID-19 pandemic, "§ 3582(c)(1)(A) contemplates a sentence reduction for specific individuals based on the individuals' particular circumstances of where he is housed and his personal health conditions." *United States v. Council*, No. 1:14-CR-14-5, 2020 WL 3097461, at *5 (N.D. Ind. June 11, 2020).

"In determining whether there is an extraordinary and compelling reason to modify a term of imprisonment, the Court may consider (1) the specificity of the defendant's COVID-19 concerns, (2) whether the defendant has a medical condition that makes him especially susceptible to the dangers of COVID-19, (3) the age of the defendant, and (4) the extent that the defendant's release would mitigate or aggravate the COVID-19 pandemic." *United States v. Stewart*, No. 3:13-CR-126, 2020 WL 3428033, at *2 (N.D. Ind. June 23, 2020). When applicable, the Court must consider the factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A) (citing 18 U.S.C. § 3553(a)). Finally, "[a] defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) can only be made 'after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" *United States v. Hawkins*, No. 2:17-CR-134, 2020 WL 3264115, at *1 (N.D. Ind. June 17, 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)).

The Defendant bears the burden of demonstrating that he is entitled to a sentence reduction. *United States v. Melgarejo*, No. 12-cr-20050, 2020 WL 2395982, at *2 (C.D. Ill. May 12, 2020) (citing *United States v. Ebbers*, 432 F. Supp. 3d 421, 426–27 (S.D.N.Y. 2020)). "Whether to grant relief pursuant to 18 U.S.C. § 3582(c)(1)(A) is left to the sound discretion of the district court." *Stewart*, 2020 WL 3428033, at *2 (citing *United States v. Davis*, No. 2:19-CR-74-3, 2020 WL 1951652, at *1 (N.D. Ind. Apr. 23, 2020)).

In this case, the Defendant argues that the COVID-19 virus is spreading through his prison and that it is impossible to maintain social distancing. Certainly, the Court is sympathetic to the Defendant's concerns. However, the Defendant does not indicate whether he suffers from any medical condition that would make him especially susceptible to the COVID-19 pandemic. Further, the Defendant does not discuss his age or his medical history. Based upon his failure to discuss relevant factors such as his health and age, the Defendant has not met his burden to establish that extraordinary and compelling reasons justify his release from prison. *See United States v. Barrett*, No. 2:17-CR-1, 2020 WL 3264112, at *3 (N.D. Ind. June 17, 2020) ("Simply put, Defendant has not shown that the coronavirus pandemic combined with his medical conditions are 'extraordinary and compelling reasons' that warrant a reduction of his sentence."); *Council*, 2020 WL 3097461, at *5 ("Turning to Defendant's personal health conditions of sleep apnea, asthma, hypothyroidism, and obesity, the Court finds that, even in the context of the COVID-19 pandemic, these conditions do not constitute an extraordinary and compelling reason to justify a sentence reduction."); *Melgarejo*, 2020 WL 2395982, at *4 ("Here, Defendant has not met his burden to establish that extraordinary and compelling reasons justify his release from prison. Although hypertension is a risk factor for COVID-19 complications, Defendant does not

3

allege that his condition is particularly severe or not controlled with medication."). Thus, the Defendant's request for compassionate release is denied.

### III.  CONCLUSION

For the reasons stated above, the Defendant's Petition Seeking Expedited Relief Pursuant to 18 U.S.C. 3582(c)(1)(A)(i) [DE 252] is DENIED.

SO ORDERED.

ENTERED:  June 26, 2020

        /s/ JON E. DEGUILIO
Chief Judge
United States District Court